JUSTICE RICE,
concurring.
¶27 I concur with the Court’s effort to define more clearly the boundaries of the public duty doctrine and in the decision to reverse. I would note that the Court’s analysis includes some post-hoc rationalizing and categorizing of our earlier decisions that was not *423 necessarily contemplated at the time those cases were decided. For instance, in ¶ 17 of the Opinion, Dobrocke, Hendricksen, Kaiser, Richardson, scad Bonilla are categorized as cases where the Court did not apply the public duty doctrine to government defendants, but it is noteworthy that the public duty doctrine was not raised as an issue in any of those cases. Had the doctrine been raised and argued, the result, and more certainly the analysis, could have been different. See Prindel v. Ravalli Co., 2006 MT 62, ¶¶ 25, 26, 331 Mont. 338, 133 P.3d 165 (declining to address the doctrine’s applicability where the County did not “explicitly raise the public duty doctrine as a defense” and will take up the question “[i]n the future, when the issue has been properly briefed.”). The Court states that “there was no need to invoke the public duty doctrine” in these cases, Opinion, ¶ 17, but, again, that was not a conclusion reached at the time after an analysis was performed. In the future, it will be necessary to further refine the “generally applicable principles of law” governing governmental duty to which the doctrine does not apply, Opinion, ¶ 17, in cases where the doctrine is properly raised and argued, even, potentially, cases involving premises liability. In Dobrocke, for example, the claim was brought by an individual who traversed onto City property not intended by the City to invite pedestrians. Dobrocke, ¶ 33. Although a duty to the claimant was found to be owed in that case, premises liability cases raising uniquely atypical facts could require a broader analysis of duty and thereby implicate the doctrine, which is the analytical approach this Court employs to determine governmental duty.
¶28 I concur.